KELLY *et al.* v. BURNS *et al.*

**Verdict:** INDEFINITE FINDINGS BY COURT. In an action by minors to redeem lands sold for taxes, and to recover for waste committed by the purchaser and his grantees, the court found that waste had been committed by said purchaser and " others claiming under him in the sum of $800." *Held,* that the finding was too indefinite as to the amount of waste committed by either of the defendants to entitle plaintiffs to a judgment for waste.

*Appeal from Decatur District Court.*

MONDAY, JUNE 9.

THE plaintiffs, two of whom being minors, this action is brought by their respective guardians, in connection with John Kelly, an adult, to redeem certain lands, owned by them in common, from a sale thereof for taxes, and to recover damages for waste committed by the tax purchaser and his grantees. The district court rendered a decree permitting the guardians to redeem their interest, but denied their claim for damages. Plaintiffs appeal. The further facts of the case appear in the opinion.

*J. W. Penney* and *J. S. Warner* for the appellants.

*J. B. Morrison* for the appellees.

MILLER, J. — The trial was by the first method in equity, by the court. The evidence is not contained in the abstract. On the trial the court found the following facts:

" *First.* On the 5th day of December, 1860, John Kelly, Mary Ann Kelly and John Kelly, Jr., were the owners each of an undivided one-third of the land in controversy, to wit: The N. E. 6, 68, 25; the interest of John Kelly, Jr., being, however, subject to the common-law dower of Rosa Kelly, widow of Hugh Kelly, deceased.

" *Second.* On said 5th day of December, 1860, John Kelly, Jr., and Mary Ann Kelly were minors and John Kelly was an adult.

" *Third.* That on the 5th day of December, 1860, A. M. Burns purchased said land, at tax sale, from the treasurer of Decatur county for the taxes of 1857–8–9, and on the 5th day of December, 1863, the treasurer of said county executed to him a tax deed for said land, which was the same day recorded.

" *Fourth.* That since the execution of the treasurer's deed, said A. M. Burns and others, claiming under him, have committed waste on said land to the extent of $800, and the defendant A. M. Burns has made permanent improvements thereon of the value of $50.

" *Fifth.* That the defendant A. M. Burns has paid the taxes on said land since he purchased the same for taxes up to and including the year 1869, which, with the penalties and interest thereon, now amounts to $280.30.

" *Sixth.* That this suit was instituted before John Kelly, Jr., attained his majority, and within one year before the time when the said Mary Ann Kelly had attained her majority.

" *Seventh.* That before the institution of this suit the said Rosa Kelly, widow of said Hugh Kelly, departed this life."

The only ground of complaint on the part of appellants is as to the third conclusion of law, based upon the above facts, which is as follows: " That the said John Kelly, Jr., and Mary Ann Kelly are not entitled to recover, as against the defendants, for the waste committed on said premises. That their interest in said real estate is now only the right to redeem their interest from said tax sale."

The finding of facts upon which this conclusion of law is based, we think, justifies the conclusion. It is that " A. M.

Burns, and others claiming under him, have committed waste on the land to the extent of $800." But to what extent each of the defendants have committed waste is not found, or whether it was all committed by them jointly. Now suppose the great bulk of the waste was committed by other persons claiming under Burns as purchasers from him, certainly this amount should not be deducted from the amount which Burns is entitled to receive in the redemption from the tax sale. The court should have found definitely and distinctly on these facts, and have determined the rights of all the parties before the court if there was evidence from which this could be done.

But since this was not done, and the evidence is not before us on appeal, we must presume that the finding corresponds with the evidence, and that the latter was as uncertain in this respect as the former. Owing to this uncertainty it would be impracticable to determine how much the plaintiff should recover from Burns, and how much from the other parties for the waste committed. The judgment of the court below must therefore be

Affirmed.